[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The petitioner alleges that, since his commitment to the CT Page 3249 jurisdiction of the Commissioner of Corrections by the Superior Court on November 11, 1991, he had a name change by the Probate Court for the District of Suffield on May 10, 1994. The copy of the Certificate submitted shows his name was changed from Donald Lamont Fields to IMAM X. SHABAZZ RIRIM. He has submitted copies of a Social Security card showing the name of Imam'ah Xue'la Sna'bazz Riv'im. He also claims that he has had the State Police notified of this new Muslim name for his fingerprint record with them. This petition makes the simple request that he be "resentence(d) to get New Name on sentence Records/Mitt."
C.G.S. 45a-99 provides: "the courts of probate shall have concurrent jurisdiction with the superior court, as provided in section 52-11 to grant a change of name" C.G.S. 52-11 provides: "The superior court in each judicial district shall have jurisdiction of complaints praying for a change of name, brought by any person residing in the judicial district, and may change the name of the complainant who shall thereafter be known by the name prescribed by said court in its decree." There is no authority provided by these statutes to alter or change records concerning said person whose name is now changed. In fact C.G.S52-11 provides simply that he "shall thereafter be known by the name prescribed." Even that indulgence is limited. The inmate is committed to the jurisdiction of the Commissioner of Correction by the sentence of the court for a period of time under the name under which he was convicted. There is no authority to change any of the records which led up to that occasion.
The simple remedy for the petitioner is to alert those who would now communicate with him that the communication must use his original name and may then add "now known as" with his newly prescribed Muslim name.
The petitioner has referred the Court to C.G.S. 45a-737 which provides for the obliteration of certain records of an adopted child's original family name from certain institutions. The statute has no bearing on the request herein.
For the reasons stated above the petition is denied.
Corrigan, J. State Trial Referee CT Page 3250